## Case No. 7,134.

JACKSON v. EASTON et al.

[7 Ben. 191.] 1

District Court, S. D. New York.  March, 1874.

W. R. Beebe, for libellant.
W. W. Goodrich, for respondents.

BLATCHFORD, District Judge. The libel alleges that the libellant, owning a canal

1 [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

boat, let her to the respondents for a voyage from New York to Baltimore and back, they to pay him for her use five dollars per day for every day she should be so employed, and to furnish, at their own expense, the necessary and proper steam or motive power to tow the boat safely and properly during the voyage; that the respondents sent a tug then owned or employed by them to take the boat in tow; that the tug did so; that, while the boat was in tow of the tug, the boiler of the tug exploded, and caused the boat to sink; and that the explosion and consequent damage were the result of the negligence of the servants of the respondents on board of, or belonging to, the tug, or of the defective character of the boiler. The libellant claims to recover from the respondents the damages he has sustained.

The answer admits that the respondents chartered the boat for the voyage, and were to pay for her use five dollars per day, and were also to pay for towing, but denies that they agreed, or were bound, to obtain any steam or motive power, or to tow the boat safely and properly. It admits that they sent the tug to tow the boat, but denies that the tug was owned by them, or was employed by them, except in the ordinary method of employing a steamtug for that purpose, for compensation, and alleges that the persons on board of the tug, and having charge thereof, were not under the control of, or in the employment of, the respondents, and that they did not interfere with the tug or her master or crew in the discharge of the service of towing the boat, and had no right to do so.

The foregoing allegations of the answer are fully established by the evidence. There is no evidence of any contract by the respondents to tow the boat safely, or even to return her in safety. The contract was to pay the libellant five dollars a day for the use of his boat, and to pay for the towing of her. She could not move without being towed. The respondents were to pay the expense of towing, so that the libellant should have his five dollars per day clear, as they were also to pay tolls, and the expense of wharfage and of loading and unloading cargo. The respondents did not become insurers of the vessel. Grant, even, that they would be liable to the libellant for the negligence of the agents and servants of the respondents in dealing with the boat, it is not shown that the respondents owned or controlled the tug, or her movements, or had any control over the officers and crew of the tug in their management of the tug. They merely hired the tug to tow the boat. The tug was apparently a proper vessel, one usually employed for such service, and her owners, officers and crew cannot be regarded as the servants or employees of the respondents, in any sense which can make the respondents liable to the libellant for the negligence of such owners, officers or crew. On the

facts of the case, the respondents were no more than agents of the libellant to hire an apparently proper tug to tow the boat. If the tug towing this boat in the employment of the respondents, or even of the libellant himself, had negligently caused the boat to collide with another vessel, certainly the tug and her owners, and not either the respondents or the libellant, would be liable for the damage to the other vessel. Story, Ag. § 453a; Sproul v. Hemmingway, 14 Pick. 1; Sturgis v. Boyer, 24 How. [65 U. S.] 110, 124. No contract, either express or implied, of the respondents with the libellant has been broken by the former, and the libel must be dismissed, with costs.