(7 Misc. Rep. 119.)

McLOUGHLIN v. NEW YORK LIGHTERAGE & TRANSP. CO.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. MASTER AND SERVANT—INDEPENDENT CONTRACTORS—TUG OWNER.
     A tug owner engaged in the business of towing is an independent contractor as to vessels towed by him, and the employer of one of his tugs is not liable for negligence of the master and crew thereof.

2. BAILMENT—PRESUMPTION OF NEGLIGENCE OF BAILEE.
     The presumption of negligence arising from the return of a chattel by the bailee thereof in a damaged condition may be rebutted by showing that the damage was not caused by the negligence of the bailee or his servants.

Appeal from second district court.

Action by Michael McLoughlin against the New York Lighterage & Transportation Company to recover damages sustained by plaintiff's canal boat while in the employ of defendant as charterer thereof. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Charles W. Coleman, for appellant.

Henry W. Goodrich, for respondent.

BISCHOFF, J. Plaintiff was the owner of the canal boat H. B. Moore, which he chartered to defendant for the year expiring about January 1, 1893. Thereafter, at various times during the year 1893, the boat was employed by defendant upon "catch time," which was defined to mean the time intervening between the first receipt and the last discharge of freight. During the period of the charter, as well as while the boat was employed upon "catch time," it was

injured while in the tow of tugs which were engaged by defendant to move the boat from place to place. These tugs were severally owned by the Easton & Amboy Railroad Company, and with others constituted the fleet of the Perth Amboy Towing Line, which was engaged in the business of towing, and the persons in command of the tugs were the employes of the latter. The evidence adduced on the trial indisputably shows that the injury sustained by plaintiff's boat was in each instance the result of the carelessness or negligence of those in command of the tugs, and that the damages amounted to the sums awarded by the court below. The only question, therefore, which this appeal presents for our consideration, is whether or not the defendant, as charterer or lessee of plaintiff's boat, should respond in damages for the injuries. The Perth Amboy Towing Line being engaged in the business of towing, its relation to defendant was that of an independent contractor. Shear. & R. Neg. § 76; Pack v. Mayor, etc., 8 N. Y. 222; Kelly v. Mayor, etc., 11 N. Y. 432; King v. Railroad Co., 66 N. Y. 181, citing Blake v. Ferris, 5 N. Y. 48; 3 Amer. & Eng. Enc. Law, p. 822; And. Law Dict. p. 251. Hence, the towing company was not the agent of the defendant, nor the master and crew of the tugs its servants, (Sturgis v. Boyer, 24 How. 110; Jackson v. Easton, 7 Ben. 191;) and the rule respondeat superior does not apply, (Broom, Leg. Max. 843.)

Assuming next, as respondent's counsel contends, that the relation of plaintiff and defendant, with regard to the former's boat, was that of bailor and bailee for hire or mutual gain, then the evidence is equally deficient to sustain the recovery. A bailee for hire is held to the exercise of ordinary care on the part of himself and his agents and servants, and he may be made to respond in damages only for the omission to exercise such care. The failure to return the chattel, or its return in a damaged condition, may be prima facie evidence of negligence; but if it be shown that the loss or damage of the chattel was not the result of the carelessness or negligence of the bailee, or of his agents or servants, the bailee is not liable. Claflin v. Meyer, 75 N. Y. 260; Siegman v. Keeler, 4 Misc. Rep. 530, 24 N. Y. Supp. 821. What the effect of an agreement by defendant to return the boat in good condition would have been it is unnecessary to discuss, since no such agreement appears in the case at bar, and the cases cited by respondent's counsel in that respect have therefore no relevancy. No doubt exists of plaintiff's right to recover against the employes of those in command of the tugs. The Wm. H. Webb v. Barling, 14 Wall. 406; The Margaret v. Bliss, 94 U. S. 494. Of the recovery, defendant conceded its liability for $20 for the use of plaintiff's boat, and the judgment should therefore be reversed, unless plaintiff will stipulate to reduce his recovery to $20, with interest, and the costs upon such recovery below, in which event the judgment, as so reduced, is affirmed, without costs. If such stipulation is not filed within 10 days from service of the order to be entered herein, the judgment is reversed, with costs to appellant, and a new trial ordered.