## GANNON v. CONSOLIDATED ICE CO.

(Circuit Court of Appeals, Second Circuit. January 5, 1899.)

SHIPPING—HIRING OF CANAL BOAT—LIABILITY OF BAILEE FOR INJURY.

> A bailee for hire is responsible for the proper care of the article hired, not only by himself, but by any one else to whom he intrusts it; and a defendant company, which hired a canal boat for use in its business, and contracted with a third person to use it, is liable for an injury to the boat received through the negligence of the contractor's servants.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel in personam to recover for injury to a canal boat. There was judgment for libelant, and defendant appeals.

William H. Rand, Jr., for appellant.

Peter S. Carter, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Gannon let to the Consolidated Ice Company, the appellant, his canal boat, for a per diem compensation, to be used in the transportation of ice. The appellant then contracted with one Sheehey to tow the boat from Troy to Crescent, on the Erie Canal, at the rate of seven dollars per trip. Sheehey was regularly engaged in the towing business, and he employed his own men and used his own horses in conducting it. While he was towing the boat, it was, by the negligence of his servants, run against a pier and injured. The appellant disclaims responsibility for the damage, insisting that Sheehey was an independent contractor, and, as his servants were not its servants, it is not liable for their acts.

The liability of the appellant does not rest upon the ground that the boat was injured by its servants, but upon the ground that it was injured by its subusers. They were not trespassers or strangers, but were using the boat, by the permission of the appellant, for the purposes of its bailment. The appellant could not absolve itself from its duty as bailee to take proper care of the boat by delegating that duty to another. The hirer of property is liable, not only for his own personal default or negligence in its custody, but also for that of any other person whom he permits to use it. Schouler, Bailm. § 145; Story, Bailm. § 400. The precise question now presented was con-

sidered by this court in Smith v. Bouker, 1 U. S. App. 80, 1 C. C. A. 481, and 49 Fed. 954, and decided adversely to the contention of the appellant. Of the cases cited by the appellant to sustain his contention, the only ones in point are Jackson v. Easton, 7 Ben. 191, Fed. Cas. No. 7,134, and McLoughlin v. New York Lighterage & Transportation Co., 7 Misc. Rep. 119, 27 N. Y. Supp. 248. We find nothing in the reasoning of these cases to lead us to depart from our conclusions in Smith v. Bouker. The decree is affirmed, with interest and costs.