## HASTORF v. MOORE.

(District Court, S. D. New York. February 20, 1899.)

SHIPPING—INJURY TO SCOW—LIABILITY OF CHARTERER.

Defendant's employés, who, under the charter, had control of the movements of a scow hired from plaintiff, for convenience in unloading swung the stern inshore, where she grounded on some spiles and was injured. *Held*, that the presence of a boatman or scowman employed by plaintiff did not relieve defendant from liability, where such man exercised no authority as to the movement of the scow, and had no knowledge of the presence of the spiles.

In Admiralty.

This is a libel in personam to recover damages from respondent, as charterer, for an injury to a scow.

Louis B. Adams, for libelant.

Benedict & Benedict, for respondent.

BROWN, District Judge. The damage done by getting the stern of the scow aground on the spiles above the abutment of the bridge, arose from hauling her stern back and inshore by the men who were unloading her; and this was done no doubt for their convenience in unloading. By the charter or hire of the scow, she was under the direction and control of the respondent in discharging the stone. It was the respondent's duty to give her a safe berth, and any change of position for the purpose of unloading, was within the control of the respondent or of the person or persons with whom the respondent might leave the work of unloading. The plaintiff's man, who was on board the scow, could have had no object in hauling her back and inshore; and he had no previous knowledge of the ground. In view of his contradiction of Mr. McKenzie's statement, I do not feel satisfied to charge him with knowledge of any danger from a little change in the scow's position by the workmen in course of unloading. It is in the highest degree improbable that he would have given any assent or remained silent while the stern of the scow was moved inshore and back, if he had received any proper notice of danger from doing so. Had the scowman not been on board, there could be no question that the respondent would be answerable for the damage done by grounding her on the spiles through change of position in unloading, whether she was moved back by the orders of Mr. McKenzie; or in his absence, by the act of the men in respondent's employ who were unloading her. Story, Bailm. § 400; Schouler, Bailm. 145; Smith v. Bouker, 49 Fed. 954; Gannon v. Ice Co., 91 Fed. 539. The respondent would be responsible for their acts. The presence of the scowman, in my opinion, could make no difference in this responsibility, unless the removal were under his direction or with his acquiescence with clear knowledge of the bottom. It was not his duty to examine the ground, nor was a removal by defendant's men, in the ordinary course of unloading, a change of place for which the scowman or the libelant was responsible.

The libelant is, therefore, entitled to recover the natural and proper damages from grounding. The pumping, I am satisfied from the evi-

dence, was needlessly and irrationally long continued and useless. I think from the evidence $75 would be a liberal allowance for all pumping that was reasonably necessary. I allow a decree, therefore, for the libelant for that amount for pumping with interest, and for the other items of repair, towage and demurrage $110, with interest; with liberty, however, to either party to take a reference on the last-named items, such party paying the cost of the reference, unless a more favorable judgment is obtained.