### W. H. BEARD DREDGING CO. v. HUGHES et al.

(District Court, S. D. New York. January 27, 1902.)

1. SHIPPING — DAMAGES FOR BREACH OF CHARTER — SALE OF VESSEL BEFORE EXPIRATION OF TERM.

Where a dredge and three scows, to be used in connection therewith, were chartered for a minimum term of three months, but were returned and the dredge was sold by the owner before the expiration of the term, the charterer is not chargeable with the hire of either vessel as damages for breach of charter after the date of such sale.

2. SAME—INJURY TO CHARTERED VESSEL—LIABILITY.

A charterer is liable for an injury to the chartered vessel through the negligence of a company which he hired to tow the same.

3. SAME—NEGLIGENCE.

There can be no recovery from a charterer for injuries to the vessel, without proof of negligence.

In Admiralty. Action to recover charter hire and damages.

Addoms, Hinman & Smith, for libelant.
Robinson, Biddle & Ward, for respondents.

ADAMS, District Judge. This is an action brought to recover some unpaid hire and damages for a breach of a charter of the libelant's dredge Samson and three scows, known as Nos. 1, 2, and 3; also for damages alleged to have been caused to two of the scows

by the negligent manner in which they were used. The charter was a verbal one, confirmed by a letter dated March 9, 1901, as follows:

"Mess. Hughes Bros. & Bangs, 1 Madison Av., N. Y.—Gentlemen: We herewith confirm the verbal agreement made on the 8th inst. with your Mr. Morrison, which was as follows: We agree to furnish the combination dredge Samson, with crew of eight men and equipment, for dredging at New Haven, Conn., also three scows, No. 1X, 572 yards, No. 2X, 643 yards, and No. 3X, 644 yards, U. S. Govt. measurement, at one hundred and fifty ($150.00) per day; time to begin when the plant commences work at New Haven; minimum time to be three months. You are to tow the plant from New York, and to return it to New York when the work is finished, and to furnish coal and water to the dredge at your expense. Loss of time caused by breakdown of dredge in excess of thirty minutes to be charged against the plant at the rate of twelve ($12.00) dollars per hour. Payments to be made on the 15th of each month for work of the preceding month. The dredge is to be rigged with a dipper. Should you wish to equip her with a clamshell bucket, it can be shipped on at any time. Sundays and holidays are not to be included in working time.

"Yours, truly,           The W. H. Beard Dredging Co.,
                            "By William Beard, Pres."

The vessels were delivered to the respondents, under the contract, on the 18th day of March, and were returned to the libelant on the 3d day of May. The respondents admit a breach of the contract, and liability on their part for hire from May 3d to May 16th, at which time the dredge was sold by the libelant. A question arises whether the sale of the dredge relieved the respondents from subsequent liability under the contract. The further claim for damages to the vessels is in consequence of injuries received by them while in possession of the respondents, the theory of the libelant being that a failure to return them uninjured imposed liability upon the respondents. The injury claim is resisted by the respondents on the ground that there was no proof of negligence as to one of the scows, and that the other was injured by an independent contractor.

With respect to the hire, it seems that after the return of the vessels the plant was kept in reasonable readiness for service until the dredge was sold, and after that the scows were kept so, and efforts made to obtain employment for them, with little success, up to the time of the expiration of the contract. But I do not see how there can be any recovery for damages, in the nature of hire, after the dredge was sold. The plant was thereby dismembered, and, for aught that appears, the sale may have been a profitable one to the libelant, which it was enabled to take advantage of by having obtained possession of the vessels through the respondents' breach of contract. The libelant will be allowed hire up to the 16th of May, credit being given for payments made in March and April.

There can, I think, be little doubt as to the liability of the respondents for any injuries to the scows through negligent handling, whether caused by the respondents directly, or by a towing company employed by them, which is called an "independent contractor." Smith v. Bouker, 1 C. C. A. 481, 49 Fed. 954; Hastorf v. Moore (D. C.) 92 Fed. 398. Scow No. 3 was negligently towed on a rock while in the respondents' service, and they must respond for the damages caused thereby. With respect, however, to scow No. 2, though there is testimony tending to show that she was returned to the owner

in a damaged condition, there is no evidence from which it can be determined in what manner the injury was received. This contract amounts to a simple bailment for hire, and, without proof of negligence on the part of the hirers or charterers, there can be no recovery against them. Clark v. U. S., 95 U. S. 539, 542, 24 L. Ed. 518; Association v. Moore (Jan. 13, 1902) 184 U. S. 10, 11, 22 Sup. Ct. 240, 46 L. Ed. ——.

Decree for the libelant, with an order of reference.