### BONWIT, TELLER & CO. v. LOVETT.

#### (Supreme Court, Appellate Term. February 11, 1907.)

HUSBAND AND WIFE—AGENCY OF WIFE FOR HUSBAND—RATIFICATION.

Plaintiffs from their store sold wearing apparel to defendant's wife for her personal use, opening an account in her name and giving credit, after they had made inquiries as to defendant's financial standing. They sent the bill therefor to defendant, and he paid it by his check. Thereafter they gave credit in the same way for further like purchases by her. *Held*, that by payment of the first purchase defendant had ratified his wife's acts as those of his agent, so that he was liable for the second purchases, in the absence of notice to plaintiffs that he had withdrawn his credit for his wife's purchases.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 147.]

Amend, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Bonwit, Teller & Co. against George E. Lovett. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Maurice B. Blumenthal (Maxwell Davidson, of counsel), for appellants.

Foley & Powell (Henry A. Powell, of counsel), for respondent.

GILDERSLEEVE, J.  The plaintiffs conduct a department store, as copartners in business under the name and style of Bonwit, Teller & Co., and this firm is a continuation of the former firm of Teller & Co.  In June, 1904, the wife of defendant went to Teller & Co. and opened an account.  The credit man of Teller & Co. first made inquiries of her concerning her husband's financial situation, and also ascertained from other stores, where the defendant's wife had dealt, that her credit, or her husband's credit, was good.  They then opened the account in the name of the wife, and sold and delivered to her goods of the value of $99.50.  Thereafter they sent a bill for said goods to defendant, not to the wife, and on August 11, 1904, the bill was paid by the defendant by a check signed by him in the name of his firm.  Plaintiffs swear they gave the credit to the husband.  No further transaction took place between defendant or his wife and said firm of Teller & Co. until June, 1905.  In the meanwhile Teller & Co. had changed the firm name to Bonwit, Teller & Co., but kept the old accounts open, including that of defendant's wife.  In or about June, 1905, the defendant and his wife quarreled, and he began a suit for an absolute divorce against her.  She, however, continued to live in the same place in which she had lived when she opened her account with Teller & Co.  No notice, direct or indirect, had been given to Teller & Co., or Bonwit, Teller & Co., of any separation or quarrel between defendant and his wife.  In June, 1905, she came to Bonwit, Teller & Co. and ordered more goods on credit.  This time they made no further inquiries of her, so far as appears, as to her husband or herself, but continued to sell her dresses, shirt waists, and other feminine garments during June, July, August, September, and October, 1905.  No bill was sent for the goods until about November 2, 1905, when plaintiffs sent a bill for $278 to defendant.  This is admittedly a proper charge for the goods, but defendant repudiated liability for the debt, and claimed he had not authorized his wife to make the purchases.

While it is true, as claimed by respondent, that the presumption that a wife was acting as her husband's agent in the purchase of her personal clothing, within proper limitations as to amount and quality in accordance with the husband's means, may be overcome by proof that the credit was, in point of fact, given to the wife, and not to the husband (Ehrich v. Bucki, 7 Misc. Rep. 119, 27 N. Y. Supp. 247), still in the case at bar we think it is established as a fact in the case that the credit was given to the husband.  There is also, as we have seen, proof of a subsequent sanction by defendant of the $99.50 worth of goods bought in 1904 of plaintiffs by defendant's wife, and plaintiffs appear to have had no reason whatever for supposing that defendant had withdrawn his credit for his wife's purchases.  The presumption of agency continued, and plaintiffs had a right to look to the defendant for payment.  As was said in Wanamaker v. Weaver, 176 N. Y. 83, 68 N. E. 138, 65 L. R. A. 529, 98 Am. St. Rep. 621:

"If a wife is going to a merchant to trade, with whom she is acquainted, and with whom she has been accustomed to trade upon the credit of her husband, she may still continue to do so until the husband gives notice prohibiting the merchant from longer giving credit to her."

102 N.Y.S.—51

The judgment is reversed, and a new trial ordered, with costs to appellants to abide the event.

MacLEAN, J. (concurring). Whether in the first instance, for the purchases made by the wife of the defendant in June and in July, 1904, an account was opened in her name by the plaintiffs, or the bill, running to the defendant, was sent to the defendant or to his wife, seems not material. The facts remain that she handed him the bill and that he paid it by check, sufficient in themselves, in view of the nature of the purchases and of the marital relation, to establish a ratification by the defendant of the acts of his wife, who might thereafter continue his credit and liability, in the absence of notice to the contrary. Wanamaker v. Weaver, 176 N. Y. 75, 83, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621.

A new trial should therefore be ordered.

AMEND, J. (dissenting). I think there was sufficient evidence to justify the conclusion of the trial court that credit was extended to the wife, and not to the husband, and that agency had not been established.

The judgment should be affirmed, with costs.