JOHNSON LIGHTERAGE CO. v. WARNER SUGAR REFINING CO.

(District Court, S. D. New York. April 8, 1913.)

SHIPPING (§ 58*)—CHARTERS—LIABILITY OF CHARTERER FOR INJURY TO VESSEL.
    Evidence considered, and *held* not to sustain the allegation of the owner that injuries to a barge resulted from the negligence of a charterer, but to indicate that they probably were received after the barge had been redelivered to a master sent by the owner to receive her.

    [Ed. Note—For other cases, see Shipping, Cent. Dig. §§ 233–244, 314, 327; Dec. Dig. § 58.*]

---

In Admiralty. Suit by the Johnson Lighterage Company against the Warner Sugar Refining Company. Decree for respondent.

James J. Macklin, of New York City, for libelant.

MacFarland, Taylor & Costello, of New York City, for respondent.

HAZEL, District Judge. The respondent entered into a written charter party by which it chartered libelant's barge No. 18, agreeing to return her to the owner at the end of the charter in good condition. It was agreed that the charterer should comply with the terms of the insurance policy (a copy of which was attached to the charter), which contained a provision that the barge should at all times have a competent watchman on board. As barge No. 18 was loaded at the time she was wanted by respondent, another barge— barge No. 19, insured under a policy containing the same conditions as to a watchman—was tendered the respondent and accepted. There was also a condition in the charter party to the effect that if, for any reason whatsoever, it should become necessary to take barge No. 18 out of commission, the libelant would furnish a barge to take her place during the period of her disability.

In view of such condition, I think the substitution of barge No. 19 for barge No. 18 was fairly within the terms of the charter party, and that the charterer was bound by the conditions of the insurance policy. The evidence shows that, after using barge No. 19 a week or more, the respondent asked that she be replaced by barge No. 18, in compliance with which request arrangements to exchange were made. When libelant's master, Webster, arrived at Wallabout Basin to relieve the respondent's master, Hansen, the barge was at the dock being unloaded of her cargo of sugar. He testified that he found broken planks on both sides of barge No. 19, and several knees crushed in, extending from one end to the other, and that such injuries were not received that night while he had charge of her. It is shown, however, that at about 4 o'clock the morning after his arrival a car float left the pier, making it necessary to shift the barge, and that another car float came to the pier and moored near the barge.

There was some evidence to show that Webster was in an intoxicated condition at the time of his arrival at the barge; but he made denial of this, and asserted that he never drank to excess. However that may be, I am disinclined to accept his testimony as to the condition of the barge when he relieved Capt. Hansen. If at that time the barge had had the specified breaks in her sides, as testified to by him, she very likely, in view of her load of 15 tons of sugar, would have taken on water, or at least would have revealed her condition to others, especially to the witness Kaufman, who had charge of the unloading, and with whom Webster had a conversation, in which, however, no mention was made of the injuries to the barge. To the contrary, Capt. Hansen testified that while the barge was in his custody she did not sustain any injuries, that there were no mishaps of any kind, and that when Webster relieved him the barge was in good condition, and without any broken planks or crushed knees.

The burden of proof was upon the libelant to establish that injuries were received by the barge prior to the time its agent took her in charge and assumed control. This burden has not been sustained, and I think the probabilities are that barge No. 19 received the injuries complained of during the night, either from crafts moving in the slip, or from some other unexplained cause or causes. If such was the fact, and, as said, it seems probable, the conditions contained in the insurance policy have no relevancy, and before the libelant can be permitted to recover there must be proof that the charterer was negligent, and that in consequence thereof injuries were sustained by the barge. W. H. Beard Dredging Co. v. Hughes et al. (D. C.) 113 Fed. 680; Clark v. United States, 95 U. S. 539, 24 L. Ed. 518.

It not being proven, either that the barge was in a damaged condition when the witness Webster took her in charge, or that the injuries were sustained through the negligence of the charterer, the libel is dismissed with costs.