FULTON LIGHTERAGE COMPANY, Plaintiff, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

City Court of New York, New York County, February 19, 1930.

*Macklin, Brown, Lenahan & Speer,* for the plaintiff.

*Bigham, Englar, Jones & Houston,* for the defendant.

NOONAN, J.   This is a motion by defendant for judgment on the pleadings.   The conceded facts show that the defendant hired a boat known as a gas hoister from the plaintiff under a charter which provided as follows: " This company does not agree to return chartered boat in the same condition as when received, ordinary wear and tear excepted, and will not be liable for damage to the boat while under charter unless same is caused by the negligence of the company, its agents or employees, which negligence, however, is not to be presumed from the fact the boat is returned in a condition other than that in which it was received or that it is damaged while under charter to this company." The plaintiff's amended complaint is framed on the theory of breach of a contract of bailment.   The gravamen of such an action in the usual case is the breach of the implied agreement to return the property bailed in as

good a condition as when received by the bailee, reasonable wear and tear excepted. Under such a theory, a plaintiff proves a *prima facie* case by showing a hiring of the boat by the defendant, the delivery of the boat under the hiring in good condition, its return in a damaged condition, and the amount necessarily expended to restore it to its condition at the time of hiring. The bailee then has the burden of showing that the damages were not caused by any negligent act on its part. (*McLoughlin* v. *New York Lighterage & Transportation Co.*, 7 Misc. 119, 121; *Harms* v. *City of New York*, 69 id. 315, 317; *Neville* v. *Morrison Coal & Coke Co.*, 211 App. Div. 282; *Wintringham* v. *Hayes*, 144 N. Y. 1; *The Monongahela*, [C. C. A.] 282 Fed. 17; *The Raymond M. White*, [D. C.] 290 id. 454; affd., [C. C. A.] 296 id. 1023.)

Realizing that the charter provision agreed upon has made it necessary for the plaintiff to allege and prove the negligence of the defendant, the plaintiff has set forth in the amended complaint that the defendant in breach of the charter agreement negligently caused and allowed the plaintiff's boat to sustain the damage complained of. No particular act of negligence is alleged, and the plaintiff has served a bill of particulars pursuant to an order of the court in which it admits its inability to state any negligent act of the defendant which caused the damage to the boat. The purpose of the motion, as conceded by the parties, is to obtain a construction of the contract made between the parties. In my opinion, the effect of the agreement of charter was to abrogate the inference of negligence arising from the failure to return a chattel in as good a condition as when received, and to place upon the plaintiff the burden of proving the negligence by express evidence. The plaintiff was obliged to allege in the complaint the charter as agreed upon, and, in accordance with its terms, to plead and prove the negligence of the defendant which caused the damage. The parties to this charter were free to engage in any form of contract which was not violative of public policy or the law. A bailee may contract to enlarge or diminish his common-law obligation with respect to the subject of bailment. (*Sun Printing & Publishing Assn.* v. *Moore*, 183 U. S. 642, 654; *Mulvaney* v. *King Paint Mfg. Co.*, [C. C. A.] 256 Fed. 612, 614.) In *Sagendorph* v. *First National Bank of Philmont* (218 App. Div. 285) the court said: " Where there is an express contract between a bailor and bailee, the terms thereof control as to the liability of the bailee. Either party may impose on the other such terms as they may agree upon. Such express agreement will prevail against the general principles of law applicable, in the absence of an express agreement."

By the terms of the charter in suit the defendant, as bailee, did not

stipulate that it would not be responsible for its own negligence in the care of the boat. On the contrary, the agreement of charter provided that the defendant would be responsible for its negligence, but that the plaintiff was obliged to prove such negligence by direct and express evidence. The agreement makes plain that the plaintiff could not take advantage of any presumption of negligence which the law permits in the order of proof in cases of this character. Since the plaintiff has not alleged in its amended complaint the specific act or acts of negligence relied upon, and has admitted in its bill of particulars its inability to do so, I fail to see how the plaintiff can succeed upon the trial. The agreement made between the parties has not been shown to be in violation of law or public policy, and must be regarded as binding upon the plaintiff.

The motion for judgment on the pleadings is granted on the merits.