### THE COMET.

### THE WM. FORD NICHOLS.

### TAYLOR et al. v. UNITED STATES et al.
### No. 155 of 1944.

District Court, E. D. Pennsylvania.
Feb. 15, 1946.

Rawle & Henderson and Harrison G. Kildare, all of Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw and Thomas E. Byrne, Jr., all of Philadelphia, Pa., for respondents.

GANEY, District Judge.

This is a suit in admiralty and concerns itself with exceptions filed to the libel and supplemental libel.

The Steamship Antonin Dvorak with a cargo of steel rails had been damaged and run aground, and in order to remove them, it was necessary to secure a lighter to place them on, in order that they could be reloaded on another ship. Accordingly, the Isthmian Steamship Company, sub-agent for the War Shipping Administration, contacted the Independent Pier Company in order to secure a lighter and they, having none available, in turn, at the request of the Isthmian Steamship Company, obtained a lighter named the Comet from Taylor and Anderson, libellants herein. The Comet proceeded to where the Antonin Dvorak had run aground, pulled up beside her, and with stevedores in the employ of Moore-McCormack Lines, Inc., who had been hired by the Isthmian Steamship Company, began the operation of removing the rails, from the damaged and grounded ship to the deck of the lighter Comet and of retransferring them from it, to the Wm. Ford Nichols. In the course of this operation, a rail was dropped from a considerable height after being taken from the Antonin Dvorak which damaged the Comet by penetrating the wooden deck and striking the inner side of the planking of the bottom of the Comet causing it to leak and take water in the hold. The Comet took on so much water that it almost submerged until it listed to one side when the cargo of rails slipped overboard, and it gradually righted its position and was kept afloat only by the buoyancy of its wooden construction.

The libel alleges the agreement wherein the Independent Pier Company chartered the deck scow Comet from the libellants agreeing to return the Comet upon the termination of the charter in the same condition as when delivered, ordinary wear and tear excepted; that in pursuance to this agreement, the Comet, in all respects safe, strong, sound and seaworthy, was delivered to the Independent Pier Company; that the services of the Comet were engaged by the Operating Agents of the War Shipping Administration, by subcharter from the Independent Pier Company, for the purpose of taking a cargo of steel rails from one vessel to another and further avers the damages to the Comet through the dropping of the rail on the deck of the Comet, which operation was in charge of the stevedores of the Moore-McCormack Lines, Inc.; that the damages to the Comet were not due to any fault, neglect or want of care of the libellants or their agents, but was caused by the fault, neglect and want of care of the United States of America, War Shipping Administration, through its agents, servants or employees and the Moore-McCormack Lines, Inc., through its agents, servants or employees, due to the fact that the loading was in charge of incompetent and inexperienced persons, who failed to use the proper care to prevent the rails from falling on the Comet, and further that the Independent Pier Company in violation of the terms of the charter, failed to return the Comet in the same condition when delivered to it.

The United States of America, War Shipping Administration, in taking exceptions to the libel and supplemental libel, contends that the facts averred therein are insufficient to constitute a cause of action against it by reason of the fact that the libel directly or impliedly admits that the Moore-McCormack Lines, Inc., is an independent contractor, and that the independent contractor and not its employer, is liable for the damages suffered by the Comet as a result of the negligence of the independent contractor.

The question posed is whether or not the United States of America, War Shipping Administration, has any liability in the premises under the averments of the libel

and supplemental libel, even if we assume that the Moore-McCormack Lines, Inc., who were in direct charge of the stevedores, was an independent contractor.

 Among other authorities for holding that it has no liability in the premises under the averments of the libel and supplemental libel, the United States relies on The Satilla, 2 Cir., 235 F. 58. In that case the libel was filed by the owner of the lighter Samson against the Steamship Satilla to recover damages for injuries it sustained while alongside of the Satilla and engaged in the removal of steel rails from the Samson to the Satilla. The handling of the rails was done by Chiarello Bros. Company, stevedores, and were being lifted from the Samson by winches and tackle to the deck of the Satilla, and in the process of the operation one fell from the sling to the deck of the Samson, piercing her bottom causing her to capsize. The owner of the Satilla impleaded Chiarello Bros. Company, alleging the damages to the Samson were due to the negligence of the employees of that company. The court held that the Chiarello Bros. Company was an independent contractor; that the men running the winch, who were in its employ, were negligent and that company alone was responsible for the damages resulting from the negligence of its employees. However, that case was not factually on the same basis as the instant case. In that case the Samson was at all times in the possession and control of its owner. There was no chartering of it by its owner to another, which in turn subchartered it to a company, which was using it in the operation in which it was damaged. Here, there was a bailment for hire and the rule is well settled that a bailee for hire is responsible for the proper care, not only by himself, but by any one to whom he entrusts it and it makes no difference whether that other is an independent contractor or not. Smith v. Bouker, 2 Cir., 49 F. 954, 955; Gannon v. Consolidated Ice Co., 2 Cir., 91 F. 539; White v. Schoonmaker-Connors Co., Inc., 3 Cir., 265 F. 465; White et al. v. Upper Hudson Stone Co., et al., 2 Cir., 248 F. 893, certiorari denied 246 U.S. 665, 38 S.Ct. 335, 62 L.Ed. 929; Schoonmaker-Conners Co., Inc., v.

Lambert Transp. Co. et al. 2 Cir., 268 F. 102; Banks v. Kelly Pile & Foundation Corporation, D.C., 50 F.Supp. 871; O'Donnell Transportation Co., Inc., v. M. & J. Tracy, Inc., et al., 2 Cir., 150 F.2d 735, 1945 A.M.C. 962.

The Satilla case as well as The S.C.L. No. 9, 3 Cir., 114 F.2d 964, and the other cases cited by the exceptant stand for the well-settled principle that where an independent contractor is employed to do a lawful act, and in the course of the work injury is occasioned to one as the result of the negligence of the independent contractor, the independent contractor is liable, and not the employer. With this general principle there is no disagreement, but in the instant case additional facts obtain, wherein as has been indicated, a bailment for hire exists and the bailee can be held accountable for lack of the proper care of the article hired.

Accordingly, the exceptions are dismissed.