323 F.2d 755
 GEORGE BOHANNON TRANSPORTATION, INC., a Wyoming corporation, Appellant,
v.
Edward Mike DAVIS, doing business as Tiger Drilling Co., a
sole proprietorship; and Paul E. Branum, doing
business as Paul's Truck and Tractor
Service, Appellees.
 No. 7282.
 United States Court of Appeals Tenth Circuit.
 Oct. 25, 1963.
 
 Byron Hirst, Cheyenne, Wyo. (Richard V. Thomas and Hirst & Applegate, Cheyenne, Wyo., were with him on the brief), for appellant.
 Carl L. Lathrop, Cheyenne, Wyo. (Carleton A. Lathrop and James A. Tilker, Cheyenne, Wyo., were with him on the brief), for appellee Paul E. Branum.
 Richard H. Shaw, Denver, Colo. (Modesitt & Shaw and Rodney O. McWhinney, Denver, Colo., were with him on the brief), for appellee Edward Mike Davis.
 Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 The controversy concerns the liability of two truckers to an oil well driller for damage to a derrick and the right of one trucker to recover over from the other. Trial was to the court which held the truckers liable and denied any recovery over.
 
 
 2
 Appellee-plaintiff Davis, doing business as Tiger Drilling Company and herein referred to as Tiger, hired appellant-defendant George Bohannon Transportation, Inc. (Bohannon) and appellee-defendant Branum, both of whom were in the trucking business, to move an oil rig in Wyoming. One of Bohannon's trucks broke down while hauling the derridk. A Bohannon employee requested aid from Branum. The haul was continued with the load on a Bohannon trailer pulled by a Branum tractor. The finding of the trial court that the derrick was properly loaded on the tractor is not contested. Through the negligence of the driver of Branum's tractor the trailer was overturned and the derrick was destroyed. No issue is raised as to the finding of negligence.
 
 
 3
 The first question is the right of Tiger to recover. Tiger separately hired Bohannon and Branum, private contract carriers, to help move the rig. So far as Tiger is concerned Bohannon and Branum each had the status of a bailee for hire of the property loaded on its equipment at the site where the haul began.[1] Wyoming is in accord with the accepted view that such a bailee must exercise ordinary care with respect to the bailed goods.[2]
 
 
 4
 The property was loaded on Bohannon equipment, later truned over to Branum, and damaged by Branum's negligence. Bohannon is liable to Tiger under its bailment contract because a bailee for hire is responsible for ordinary care not only by himself but by any one to whom he entrusts the property.[3]
 
 
 5
 Branum is liable in tort to Tiger under the settled rule that either a bailor or a bailee may recover from a tort-feasor for destruction of the bailed propertly.[4] Accordingly, Tiger can recover its loss in whole or in part from either Bohannon or Branum, but it can only make one recovery.
 
 
 6
 Bohannon in its cross-claim against Branum sought to recover from Branum whatever amount it might have to pay to Tiger. The trial court denied the cross-claim saying that Bohannon and Branum were either joint adventurers or master and servant and that in either event Bohannon could not recover from Branum. We do not agree.
 
 
 7
 The issue of Bohannon's right to recoup from Branum may properly be determined in this action brought by Tiger.[5] No joint adventure existed because the record shows no intent to share either the profits or the losses.[6] No master and servant relationship existed because Branum, when he took the load, was engaged in his own business and Bohannon neither exercised, nor had the right to exercise, any control over the way in which the result was accomplished.[7]
 
 
 8
 Branum argues that his relationship to Bohannon was that of a gratutious bailee who is liable only for gross negligence. The contention finds no support in the record. Bohannon turned the load over to Branum so that he, Bohannon, could complete his contract obligation to Tiger and receive the benefits therefrom. Branum expected to be paid for his services.[8]
 
 
 9
 Whatever label may be put upon the relationship between Bohannon and Branum, whether Branum be a sub-bailee for hire, an independent contractor, or a volunteer, the fact remains that in an emergency situation Branum voluntarily took possession of the derrick to move it to the new drill site and while engaged in so doing, negligently, and without fault of Bohannon, destroyed the property. In these circumstances Branum is liable to Bohannon for the amount which Tiger, the owner of the property, recovers from Bohannon. This is not a case of joint tort and decisions concerning contributions between joint tortfeasors are not applicable. Instead it is a case where one without personal fault has become liable for the wrongful conduct of another. In such circumstnaces that person can recover whatever he properly paid in discharge of the liability.[9]
 
 
 10
 The trial court found that the derrick was completely destroyed and awarded the full value plus $1,200 for loss of use. Bohannon asserts that when property is completely destroyed damages for loss of use are not proper. On this issue the cases are divided[10] and no Wyoming state court decision is in point. We see no logical or practical reason why a distinction should be drawn between a situation where the property is totally destroyed and one where the property is injured but repairable.[11] We believe that the trial court was correct in allowing damages for loss of use and accept its view of Wyoming law.[12]
 
 
 11
 The judgment is affirmed in so far as it permits recovery by Tiger from Bohannon and Branum. The judgment on the cross-claim is reversed for further proceedings consistent with the views expressed in this opinion. The costs of this appelal shall be taxed against the appellee Branum.
 
 
 
 [1]
 Commercial Molasses Corp. v. New York Tank Barge Corp., 314 U.S. 104, 108, 60 S.Ct. 156, 86 L.Ed. 89; Bigley Trucking Corporation v. United States, 149 F.Supp. 141, 144, 137 Ct.Cl. 903; Dobie, Bailments and Carriers 106, p. 298
 
 
 [2]
 Fuchs v. Goe, 62 Wyo. 134, 163 P.2d 783, 789, 166 A.L.R. 1329
 
 
 [3]
 Merchants' Nat. Bank v. Carhart, 95 Ga. 394, 22 S.E. 628, 629, 32 L.R.A. 775; and see The Comet, D.C.E.D.Pa., 66 F.Supp. 231, 233 and cases there cited
 
 
 [4]
 The W. C. Block, 2 Cir., 71 F.2d 682, 683, certiorari denied Cornell Steamboat Co. v. Scholl, 293 U.S. 579, 55 S.Ct. 91, 79 L.Ed. 676; Associates Discount Corporation v. Gillineau, 322 Mass. 490, 78 N.E.2d 192, 193
 
 
 [5]
 Albina Engine & Machine Works, Inc. v. Abel, 10 Cir., 305 F.2d 77, 86
 
 
 [6]
 Robinson Transportation Company, inc. v. Hawkeye-Security Insurance Company (Wyo.) 385 P.2d 203
 
 
 [7]
 Stockwell v. Morris, 46 Wyo. 1, 22 P.2d 189, 190; and see Blessing v. Pittman, 70 Wyo. 416, 251 P.2d 243, 246; Pattno v. United States, 10 Cir., 311 F.2d 604, 607, certiorari denied 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412
 
 
 [8]
 On Branum's 'Drivers Daily Report' the charge is shown against Bohannon. Later Branum billed Tiger for the haul which resulted in the destruction of the derrick
 
 
 [9]
 See Restatement, Restitution 96, p. 418; Miller v. New York Oil Co., 34 Wyo. 272, 243 P. 118, 121
 
 
 [10]
 See Reynolds v. Bank of America National Trust & Savings Association (Cal. App.) 335 P.2d 741, 743-744, affirmed 53 Cal.2d 49, 345 P.2d 926, 927, 73 A.L.R.2d 716
 
 
 [11]
 Restatement, Torts, Vol. 4, 927, p. 647, supports this conclusion
 
 
 [12]
 Criqui v. Blaw-Knox Corporation, 10 Cir., 318 F.2d 811, 812-813