ESTELLA COONS, Respondent, *v.* THE FIRST NATIONAL BANK OF PHILMONT, Appellant.

Third Department, November 11, 1926.

**Banks and banking — action to recover value of securities deposited by plaintiff in safe deposit box in defendant's bank rented to plaintiff's father — burglars stole securities — action is on theory of bailment — no contract, express or implied, alleged in complaint — no cause of action is stated.**

In an action to recover the value of securities stolen by burglars from a safe deposit box in defendant's bank, the complaint does not state facts sufficient to constitute a cause of action, since it alleges merely that the box was leased to the plaintiff's father and does not allege that at the time the box was leased, or at any other time, the defendant was informed that the plaintiff would use it for the safekeeping of securities, and, therefore, no contract, either express or implied, was alleged.

APPEAL by the defendant, The First National Bank of Philmont, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Columbia on the 28th day of October, 1925, denying defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Daniel V. McNamee,* for the appellant.

*Chace Brothers* [*William Wallace Chace* of counsel], for the respondent.

VAN KIRK, J. The action is brought to recover damages alleged to have been suffered by the plaintiff through the negligence of the defendant; the plaintiff deposited in safety deposit box No. 27, in the banking house of defendant, certain securities which were taken from that box by burglars and which have not been recovered or restored to plaintiff. The cause of action to be alleged is one in bailment. The relation between a bailor and a bailee is fixed by contract, either express or implied, and the rights and liabilities

of the parties must be determined from the terms of the contract, if express, or, if implied, under the general principles of law and the surroundings and attending circumstances; but always liability is grounded in contract; one cannot be made the bailee of another's property without his consent. (6 C. J. 1084, 1110; *First National Bank* v. *Ocean National Bank*, 60 N. Y. 278.) It follows that, if there is no contract between the parties to the action, there can be no liability resting on the defendant as bailee. The complaint in this case shows no contractual relation between the plaintiff and the defendant. The allegation, on the other hand, is that the father of plaintiff was the lessee for hire of safety deposit box No. 27 in defendant's bank at the time of the burglary; and at that time the plaintiff was the owner of certain securities which she had deposited in that box. There is no allegation that at the time the box was leased, or at any other time, this plaintiff was in any wise connected with the contract between her father and the defendant. It is alleged that when the box was hired, the father designed and intended it for the safekeeping of securities of himself and members of his family, including this plaintiff, but there is no allegation that the father communicated this intent to the defendant, or that the defendant at any time knew that securities belonging to this plaintiff were deposited in the box.

*Lawrence* v. *Fox* (20 N. Y. 268) has been cited in support of the proposition that an action may be maintained on a promise made for a valuable consideration by a defendant to a third person for the benefit of a plaintiff, though the plaintiff was not privy to the contract. But even so, there is no allegation in the complaint that there was any promise made by the defendant to receive and keep as bailee or otherwise any property belonging to this plaintiff; nor any promise made in any way for the benefit of plaintiff. *Green* v. *Clarke* (12 N. Y. 343) is cited to sustain the proposition that a bailee having a special property or a general owner of such property may either of them maintain an action for the conversion of or injury to the property in which they are interested. That case would be an authority in favor of plaintiff were the action against the burglars. It is not alleged that this defendant converted or in any wise injured the property of plaintiff.

No cause of action is stated in the complaint.

The order appealed from should be reversed, with costs, and the motion granted, with costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.