IVISON A. SAGENDORPH, Respondent, Appellant, v. THE FIRST NATIONAL BANK OF PHILMONT, Appellant, Respondent.

Third Department, November 11, 1926.

Banks and banking — action by holder of safe deposit box to recover value of securities stolen — complaint — cause of action alleged against bank as bailee — contract determines extent of defendant's responsibility — allegation that defendant failed to insure plaintiff's property stricken out — fact that defendant insured its own property did not place obligation on it to insure plaintiff's property — allegation that defendant did not offer reward stricken out — allegations of negligence and that defendant failed to make reasonable effort to apprehend burglars stricken out.

In an action by the lessee of a safe deposit box in a bank to recover the value of securities stolen therefrom by burglars, the complaint, which alleges a cause of action in bailment, was sufficient and, therefore, the motion to dismiss was properly denied.

A stipulation in the contract to the effect that the defendant would take the same care of plaintiff's property that it did of its own property, and assume no responsibility beyond that, limits the liability of the defendant.

Allegations in the complaint relating to the failure of the defendant to insure plaintiff's property were properly stricken from the complaint, since the contract between the parties did not contemplate such insurance, and furthermore insurance would not be a protection against physical loss of the property and was not contemplated by the provision that it would take the same care of plaintiff's property as it did of its own.

The court properly struck out an allegation to the effect that the defendant did not offer a reward for the apprehension of the burglars or the recovery of the securities.

The court should have stricken out certain allegations in respect to negligence charged against the defendant relative to the conditions in and about the bank and the protection which the bank was furnishing, for those conditions and that protection were open to inspection by the plaintiff.

An allegation in the complaint to the effect that the defendant failed to make reasonable effort to apprehend the burglars should have been stricken out, for that was not a duty imposed upon the defendant by the contract, and furthermore the apprehension and punishment of the burglars would not lessen plaintiff's loss.

APPEAL by the defendant, The First National Bank of Philmont, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Columbia on the 28th day of October, 1925, in so far as it denies defendant's motion to dismiss the complaint and for judgment on the pleadings and denies its motion to strike out several separate allegations of negligence.

Appeal by the plaintiff, Ivison A. Sagendorph, from so much of said order as strikes from the complaint certain separate allegations of negligence.

*Daniel V. McNamee*, for the appellant, respondent.

*Chace Brothers* [*William Wallace Chace* of counsel], for the respondent, appellant.

VAN KIRK, J. The plaintiff was the lessee of a certain safe deposit box in defendant's banking house and had therein certain valuable securities belonging to him on the night of March 22, 1922, when burglars broke into the bank and carried away the securities; these have not been recovered. The relation between the parties was that of bailor and bailee. Duties of defendant, its failure to perform them and the consequent loss of plaintiff's property are alleged. We think a cause of action is alleged in the complaint. (See *Coons* v. *First National Bank of Philmont*, 218 App. Div. 283.) The motion to dismiss the complaint was properly denied.

We turn to the motion to strike out allegations of negligence. Where there is an express contract between a bailor and bailee, the terms thereof control as to the liability of the bailee. Either party may impose on the other such terms as they may agree upon. Such express agreement will prevail against the general principles of law applicable in the absence of an express agreement. (6 C. J. 1111; *Sturm* v. *Boker*, 150 U. S. 312.) When the plaintiff hired the safe deposit box, the defendant delivered to him a receipt for the rental, which contained this: "The First National Bank of Philmont will give to property left for safe keeping the same care that it does its own property, but beyond that does not assume responsibility." This stipulation limited the liability of the defendant as therein expressed. The court below struck out the allegations of negligence, paragraph IX, subdivisions 7b, 8, 10 and 11, and we think properly. To establish defendant's liability it must be alleged and proved that defendant failed to discharge the duty imposed upon it by its contract, express or implied. Its negligence is its failure to perform that duty and actionable negligence is that only which is the proximate cause of, and contributed to the loss of, or failure to return, the securities. Subdivisions 7b, 8 and 11 relate to failure to insure plaintiff's property. There must be a special contract in order to require a bailee to insure property left in his care. Insurance is usually secured by the owner. It indemnifies against damages suffered by reason of the risk insured against. It is no protection against the physical loss of the property. Defendant's agreement to give to plaintiff's property "the same care that it does its own property" does not contemplate insurance. There is no allegation that defendant agreed to insure plaintiff's property left in

its care; and the fact that it insured its own property does not tend to establish that it must insure the bailee's. Subdivision 10 relates to offering a reward. Its duty did not require it to offer a reward for apprehension of the burglars or recovery of the securities.

Under the express stipulation limiting defendant's responsibility we think the court should also have struck out other subdivisions, because, in respect to the negligence in them charged, it gave to plaintiff's property the same care that it gave to its own property. These subdivisions of paragraph IX are 4a and b, 5 and 6. The conditions in and about the bank and the protection which the bank was furnishing to its own property were open for plaintiff to see. There are no misrepresentations claimed and no concealed defects. Subdivision 9 should also be stricken out. It charges failure to make reasonable effort to apprehend the burglars. The apprehension and prosecution of the burglars is the duty of the People. It would not lessen plaintiff's loss to have the burglars apprehended and punished. There is no charge in this subdivision that defendant failed to make reasonable effort to recover the stolen property.

The order denying the motion to dismiss the complaint should be affirmed. The parts of the order striking out certain allegations of negligence in paragraph IX of the complaint should be modified as above stated, and, as so modified, should be affirmed, without costs.

Order modified as per opinion, and as so modified unanimously affirmed, without costs.