Zurich General Accident & Liability Ins. Co.,
Appellant, *v.* Mutual Mortgage &
Investment Co., Appellee.

(No. 22748—Decided May 4, 1953.)

*Messrs. Payne & Hermann,* for appellant.
*Mr. Sidney N. Weitz,* for appellee.

SKEEL, J. This appeal comes to this court on questions of law from a judgment for the defendant entered by the Municipal Court of Cleveland upon defendant's motion at the conclusion of plaintiff's case. The action is founded in tort. The plaintiff, an insurance company, issued a policy of insurance to Marvin Blaugrund covering, among other things, the risk of loss or damage suffered because of the theft of his automobile.

Marvin Blaugrund is the son of Dr. and Mrs. Sidney Blaugrund and lived with them in suite No. 407 of defendant's apartment building located at 3440 Avalon Road, Shaker Heights, Ohio. Dr. Blaugrund and his family occupied said suite under the terms of a written lease entered into between the doctor and the defendant, wherein it was provided in part:

"19. All personal property in the demised premises shall be at the risk of the 'tenant' only and said 'landlord' shall not be liable for any damages to said personal property, to said premises, or to said 'tenant' or other persons arising from the building or any part or appurtenance thereof becoming out of repair, or from the bursting, leaking or overflowing of water, gas, sewer or steam pipes, or from any sprinkler system in said building or any plumbing connected therewith, or from any damage caused by defective electric wiring, or from any acts or neglect of co-tenants or other occupants of the building or other person, or *theft* or due to the happening of any accident in or to said building." (Emphasis added.)

"35. This lease includes garage facilities for *one* car only." (Emphasis added.)

Dr. Blaugrund, according to the evidence, was assigned a definite space in the garage (which was a part of the apartment building) where he parked his automobile. He occupied such space up and until December 1950 when his son, Marvin Blaugrund, purchased a new automobile. From then until at least February 25, 1951, Marvin parked the new automobile in this space and Dr. Blaugrund parked his automobile on the street. The evidence discloses that there was an attendant working in the garage who would shift automobiles, or park them, or wash them, at the request of tenants. Marvin Blaugrund testified that when he had his automobile washed the attendant would receive his pay therefor from his father.

On the early morning of February 25, 1951 (Sunday), Marvin Blaugrund drove into the garage and saw the attendant washing an automobile. He testified as follows:

"I saw the fellow that was washing cars there and I asked him if he would take care of my car, wash it if necessary, and park it for me."

Marvin Blaugrund testified further that the attendant said he would take care of it. Marvin Blaugrund did not return to the garage for his automobile until Monday morning, February 26, 1951. He then found it had been stolen. He reported his loss to the police and the automobile was recovered that day in a damaged condition. The plaintiff, under its contract of insurance, repaired the automobile, secured a subrogation receipt from Marvin Blaugrund, and instituted this action to recover the loss.

Plaintiff claims the court erred "in granting defendant's motion for judgment on the basis of plaintiff's testimony at the close of the plaintiff's case."

The theory upon which the plaintiff contends to

have presented at least a prima facie case which would require the defendant to proceed with its defense is that the delivery of the automobile to the attendant in the private garage of defendant's apartment building constituted a bailment and that the failure of defendant, as bailee, to return the bailed property upon demand constituted some evidence of negligence, and that the burden of proceeding with the evidence to explain its failure to return the bailed property to Marvin Blaugrund then shifted to the defendant. *Agricultural Ins. Co.* v. *Constantine,* 144 Ohio St., 275, 58 N. E. (2d), 658.

The bailment relationship contended for by plaintiff must be based upon contract, express or implied. The defendant argues that because the written lease was between Sidney Blaugrund and the defendant, the defendant had no contractual relations with Marvin Blaugrund as a member of Sidney Blaugrund's family; that the parking of Marvin's automobile in the garage was unauthorized; and that, therefore, a bailment relation could not result from the facts presented by plaintiff's evidence.

Some support for this view is found in cases such as *Coons* v. *First National Bank of Philmont* (1926), 218 App. Div., 283, 218 N. Y. Supp., 189. In that case a daughter had deposited securities in her father's safe deposit box from whence they were stolen by burglars. The court, in holding for the bank in an action seeking damages for the loss of the securities, said:

'' The relation between a bailor and a bailee is fixed by contract, either express or implied, and the rights and liabilities of the parties must be determined from the terms of the contract, if express, or, if implied, under the general principles of law and the surroundings and attending circumstances; but always liability

is grounded in contract; one cannot be made the bailee of another's property without his consent * * *. It follows that, if there is no contract between the parties to the action, there can be no liability resting on the defendant as bailee."

We cannot accept the principle of the *Coons case, supra,* contended for by the defendant, as applicable to the undisputed facts in this case.

A lease contract, admittedly between the head of the household and the defendant, was made for the benefit of all members of the family. All members of the family are entitled to the beneficial use of the demised premises for residence purposes and are bound by the rules and limitations of the contract thus made for their benefit. Whether the garage space is to be occupied by the automobile of the father or son is a family matter and of no concern of the defendant so long as the rules and regulations of the lease are fully complied with. The contention of defendant that Marvin Blaugrund could not properly occupy the garage space called for under the lease is not well taken.

The principal question presented in this appeal is whether plaintiff made out a prima facie case of a bailment relation between Marvin Blaugrund and the defendant, and a breach thereof to the plaintiff's damage. There is no dispute that the automobile was stolen from the garage and that it was damaged while in the hands of the thief. The question to be decided, therefore, is: Has the plaintiff produced credible evidence to support the claimed delivery of Marvin Blaugrund's automobile into the possession of defendant as bailee, thereby creating a bailor-bailee relationship?

The plaintiff relies strongly on the lease agreement between Sidney Blaugrund and the defendant to establish a bailment by delivery of Marvin's automobile in-

to the custody of the car washer. An examination of the lease, however, does not support plaintiff's contention. The lease granted to the lessee the exclusive use and possession (for residence purposes) of suite No. 407 together with the right to occupy a space for one automobile in the garage. Not a thing is said in the lease about receiving and caring for automobiles parked in the garage. The garage is private in character. 24 American Jurisprudence, 481. An automobile parked in the garage by a tenant is permitted under his lease agreement and no contract of bailment is thereby established under the terms of the lease.

It should be noted that under paragraph 19 of the lease, above quoted, it is provided that the landlord is not to be held liable for the theft of any of the tenant's property from the premises. Such provision is binding upon the parties and is an enforceable provision of the lease. *Mansfield Mutual Ins. Co.* v. *Cleveland, Cincinnati, Chicago & St. Louis Rd. Co.*, 74 Ohio St., 30, 77 N. E., 269.

It is claimed also by plaintiff that when Marvin Blaugrund asked the attendant, whom he found in the garage engaged in washing automobiles, to take care of his automobile, which request received an affirmative response, that the act of leaving the automobile in his care created a bailment relationship between Marvin Blaugrund and the defendant. An examination of the record fails to establish the duties of the attendant. The record is completely silent as to his authority, whether he was there to give service in carrying out the obligations of the landlord under the lease or was granted the power to go beyond the lease and render personal services for the tenants on behalf of the defendant is not disclosed..

The authority of defendant's employee to bind it as

a bailee, beyond the terms of the lease agreement, cannot be presumed. The fact that the attendant had washed Marvin Blaugrund's automobile on previous occasions for which payment was made by Dr. Blaugrund direct to the attendant, does not, standing alone, tend to establish the authority of the employee to create a bailment on the defendant's behalf. The burden is on the plaintiff as a part of his case to produce credible evidence in support of such authority. We find no such evidence in the record.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HURD, P. J., and KOVACHY, J., concur.

