Per Curiam.

The terms set forth in the safe-deposit box lease executed by plaintiff constitute a valid contract between the parties herein (see Banking Law, § 96, subds. 3, 6; Coons v. First Nat. Bank, 218 App. Div. 283). In our opinion, the lease provision prohibiting the deposit of money in the box is neither unconscionable nor offensive to public policy which imposes no limitation or restriction on the freedom of contract between a bank and its depositors (Gaita v. Windsor Bank, 251 N. Y. 152; Sagendorph v. First Nat. Bank, 218 App. Div. 285; David v. Manufacturers Hanover Trust Co., 59 Misc 2d 248). Plaintiff, having executed the lease, is, in the absence of fraud or undue *670 influence, conclusively bound by the terms therein (Pimpinello v. Swift & Co., 253 N. Y. 159, 162-163; Metzger v. Aetna Ins. Co., 227 N. Y. 411, 415-416; James Talcott, Inc. v. Wilson Hosiery Co., 32 A D 2d 524; Humble Oil & Refining Co. v. Jaybert Esso Serv. Station, 30 A D 2d 952).
The order should be unanimously reversed, with $10 costs to defendant, motion granted and complaint dismissed.
Concur — Groat, P. J., Schwarzwald and Hargett, JJ.
Order reversed, etc.