**UNITED FARMERS BANK, Appellant,**

v.

**Jerry L. BRENT, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

J. Donald Dinning, Stites & McElwain, Louisville, for appellant.

Louis T. Peniston, New Castle, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment which awarded damages to the appellee for loss of the contents of a safety deposit box leased from the appellant bank. The loss occurred by reason of a burglary of the bank.

The appellee rented a safety deposit box for a prescribed fee from the bank continuously from July 1, 1963, until October 22, 1966, on which latter date all of the safety deposit boxes in the bank were burglarized and valuables stolen. Appellee was a collector of rare coins which he stored in his safety deposit box. Those coins, having a value of $5,115.40, were stolen.

Each safety deposit box was rented pursuant to a written agreement between the renter and the bank which included the following provisions:

"In consideration of annual payment of the sum of $＿＿＿＿＿＿ payable annually in advance the United Farmers

Bank, Campbellsburg, Kentucky, hereby rents to and for the exclusive use of _____ safety deposit box number _____ and agrees to exercise the same diligence in the protection of the said box and its contents against loss by fire or burglary that it uses in the protection of its own property, but assumes no liability whatever for any loss or damage that may occur."

This form of agreement was signed by appellee and all others renting the boxes and "accepted upon above terms" by an officer of the bank.

The walls of the original bank vault were constructed of brick and mortar but without reinforcing steel. The vault contained a security door of solid steel three and one-half inches thick. In 1962 an addition was made to the rear of the vault and this addition contained reinforced concrete walls. A steel door three-sixteenths of an inch thick was installed between the original vault and the addition. The wall between the original vault and the addition was composed of brick without reinforcing material.

The burglars gained entrance to the original vault by breaking through the brick outer wall. There was evidence that the burglars could also have broken through the wall between the original vault and the addition to the vault by the same procedure however they did not do so.

The safety deposit boxes were stored inside the original vault. Certain property of the bank including its surplus cash was kept in the new addition to the vault and other of the bank's property including its records was kept in the original vault.

The appellee's theory of the case was that the bank failed to exercise the same diligence in the protection of his safety deposit box and its contents against loss by fire or burglary that it used in the protection of its own property and the verdict in his favor was returned upon an instruction authorizing him to recover in that event.

The appellant contends that the bailment agreement was a special agreement between the bank and appellee and the judgment awarding damages ignores the last clause of the agreement which provides that the bank shall have no liability whatever for any loss or damage that may occur.

We think the exculpatory wording in the contract is limited by the condition of the contract that the bank exercise the same diligence in the protection of appellee's property as it exercised in the protection of its own property and thus, when properly construed, the contract provided that the bank would assume no liability for any loss or damage that might occur provided it did exercise the same diligence in the protection of the safety deposit box and its contents that it used in the protection of its own property.

The bank kept certain of its own property in the addition to the vault and we think afforded it greater protection. It is true that burglars could have obtained access to the addition to the vault but access to the addition would have required some greater effort on their part and would necessitate their presence upon the premises for a longer period of time. This was a risk which the burglars may not have been willing to encounter. Property stored in the addition to the vault enjoyed some greater degree of protection than if stored in the original vault.

Since the bank provided a greater degree of protection for its own property than it did for the property of appellee, a recovery for breach of contract was authorized.

Appellant's reliance upon Sagendorph v. First National Bank of Philmont, 218 App.Div. 285, 218 N.Y.S. 191 (1926), is misplaced because the holding of that case went only so far as to strike from the complaint the allegations of negligence but did not deny recovery for breach of a contractual obligation to exercise the same dili-

gence in protecting the contents of a safety deposit box as it exercised in protecting the bank's own property.

Reliance upon Young v. First National Bank of Oneida, 150 Tenn. 451, 265 S.W. 681 (1924), is likewise misplaced because in that case even though the bank gave its own property some additional protection there was no clause in the contract which required the bank to offer the same degree of protection for the contents of a safety deposit box as it provided for its own property.

The judgment is affirmed.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.