■ JOSEPH A. LOMBARDO, Appellant-Respondent, v MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent-Appellant.—Order and judgment unanimously reversed, on the law, without costs, and defendant's motion for summary judgment granted. Memorandum: In October 1969, plaintiff, using the pseudonym "Joseph Raymond", entered into a rental agreement for a safe-deposit box with the defendant bank. During the early morning hours of December 14, 1970, a vice-president of the bank received a telephone call from the FBI informing him that the FBI was going to obtain a warrant to search plaintiff's safe-deposit box, and requesting that plaintiff be prevented from gaining access to the box until the warrant could be executed. After learning that the box was under the name "Joseph Raymond", the vice-president instructed the assistant manager of the branch where the box was located to deny plaintiff access to that box until the Federal warrant could be executed. That same morning plaintiff attempted to visit the box, but was told that he could not open it and he left the bank without gaining access. Later that day the box

was drilled by the FBI pursuant to a warrant, and $96,700 was discovered inside. The money was eventually applied toward a Federal tax debt owed by plaintiff.

The complaint alleges that defendant improperly barred plaintiff from visiting the safe-deposit box and that, as a result, plaintiff sustained money damages. The parties agree that this case presents a question of contract interpretation, and counsel stipulated at oral argument that the issue of whether defendant breached its contract with plaintiff presents only an issue of law.

It is settled that defendant was entitled to limit its liability under the terms of the rental agreement so long as the limiting provisions are conscionable (Banking Law § 96 [3] [b]; *Sagendorph v First Natl. Bank,* 218 App Div 285). The rental agreement between the parties provided: "In any case *where, in the opinion of the [Bank],* the right of access to the safe is in doubt or *conflicting claims* have been or *may be made respecting* the right of access or *rights to property in or alleged to be in the safe,* whether such question relates to the authority of a person seeking access, the authority or capacity of a Renter to authorize a deputy to have access, the service upon the [Bank] of legal process or notice of lien, knowledge by the [Bank] of actual or potential conflicting claims, the possible death or legal incapacity of a Renter, or any other matter whatsoever, *the [Bank], without incurring any liability* to the party or parties entitled to access, *may temporarily deny access until* the [Bank] is advised by counsel or *the question is determined by proper legal proceeding,* or may condition access upon the presence or written consent of such person or persons as the [Bank] may, in its discretion, require." (Emphasis added.) Under that provision, the defendant could, "without incurring any liability", "temporarily" deny plaintiff access when, in its opinion, "conflicting claims" to the property in the box "may" be present. Here, defendant was on notice that the FBI was obtaining a warrant and thus was asserting a right of access to the box and a possible claim against its contents. Defendant acted within its contractual rights in denying plaintiff access to the box until the warrant could be executed, at which time the question of who had rights to the contents of the box would have been "determined by proper legal proceeding".

The provision limiting defendant's liability is conscionable. It merely mirrors the common-law rights accorded bailees to have a "reasonable time and opportunity to investigate as to the real ownership" (9 NY Jur 2d, Bailments and Chattel

Leases, § 121; *see, Bradley v Roe,* 282 NY 525, 533; *In re Alan Wood Steel Co.,* 2 Bankr 161, 163-164 [E Dist Pa 1980]). Accordingly, summary judgment must be granted to defendant. (Appeals from order and judgment of Supreme Court, Erie County, Francis, J.—breach of contract.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.