OPINION OF THE COURT
Herman Cahn, J.
Plaintiff moves for summary judgment pursuant to CPLR 3212.
Plaintiff rented a safe-deposit box from defendant for a one-year period on May 31, 1985. She states that she deposited substantial assets in said box, consisting of "jewelry, stocks, bonds, debentures, securities and U.S. Treasuries valued in excess of $500,000.00”. On October 14, 1985 when she sought to take all or some of said property from the safe-deposit box, she found that it was missing. This action results therefrom.
Defendant responds to the motion by submitting an affidavit *43 of various officers and employees basically setting forth the results of their investigation which failed to show any indication of someone other than plaintiff having had access to this safe-deposit box in question. Further, the bank pointed out that it had no way of knowing what assets plaintiff kept in the safe-deposit box, since one who rents a safe-deposit box is awarded privacy when placing matters in said box or removing them.
The law in this jurisdiction is that when a bank rents a safe-deposit box to a customer, the parties have entered into a bailor/bailee relationship. In Veihelmann v Manufactures Safe Deposit Co. (303 NY 526 [1952]), the court reversed a trial court dismissal of the actions after trial. A reading of the case and especially of the characterization of the argument, made by the dissent, indicates that the court found that in these circumstances a bailor/bailee relationship existed. (See also, Goldbaum v Bank Leumi Trust Co., 545 F Supp 1008, 1011 [SD NY 1982].)
However, the bailor/bailee relationship in this situation is different from the usual bailor/bailee relationship. Specifically, here the bailor was entitled to access to her property, at the premises of the bailee, at any time. Furthermore, the bailee bank did not have any way of knowing what specific property it took in bailment, and could not know what property was removed from the safe-deposit box from time to time by the bailor. In such circumstances, the court will not simply grant summary judgment on plaintiff’s affidavit. The situation is one where the facts are peculiarly within the knowledge of the plaintiff. Further, the opposing affidavits of the bank officers and employees have raised a sufficient issue of fact as to someone other than plaintiff having had access to the box, to warrant denial of the motion for summary judgment.
The motion for summary judgment is denied.