OPINION OF THE COURT
David Friedman, J.
On November 15, 1988 plaintiff leased a safe-deposit box from defendant bank. Upon leasing the box plaintiff signed a card which stated in part that he leased the box "in accor *488 dance with paragraph 9 of section 234 of the Banking Law which reads as follows: A savings bank may rent to its depositors, safe deposit boxes in which to keep securities, jewelry and valuable papers only.” Plaintiff was also given a notice by defendant which advised him that the contents of his box may not be fully insured under insurance coverage maintained by the bank and that he may wish to secure his own insurance.
Plaintiff by this action seeks to recover from defendant for cash allegedly deposited by him in his safe-deposit box but now missing. Thus he served an endorsed complaint on defendant which states "Loss of contents of safe-deposit box.” There is no indication of the circumstances under which defendant’s cash disappeared.
The matter is currently before the court because of a motion by defendant seeking an order granting it summary judgment. Defendant views this action as one asserting the breach of a contract and the defense is that there has been no breach. It is defendant’s position that pursuant to the card signed by plaintiff he was warned not to deposit cash in the safe-deposit box and if such a deposit was made the risk of loss falls completely on the depositor. Plaintiff in opposing the motion points to portions of his deposition testimony which indicate that "Mr. Philip”, a manager of defendant, knew and encouraged the deposit of cash in the box.
Banking Law § 234 (9) provides,
"Every savings bank shall have * * * the following powers * * *
"9. To engage in the safe deposit business by renting safe deposit boxes in which to keep personal property and papers of any kind.”
Similar provision is made for banks and trust companies in Banking Law § 96 (3) (b) which states
"Every bank and every trust company shall * * * have the following powers * * *
"(b) To engage in the safe deposit business by renting vaults, safe deposit boxes and other receptacles upon premises occupied by the bank or trust company, upon such terms and conditions as may be prescribed by the bank or trust company.”
While the Banking Law provides separate treatment of savings banks and banks in sections 234 and 96, certain general principles appear applicable to both. The relationship *489 of a bank to the lessee of a safe-deposit box is generally considered to be that of bailee to bailor with the bank responsible for loss due to its negligence in the absence of a different agreement (Goldbaum v Bank Leumi Trust Co., 543 F Supp 434, 436). Such different agreement may vary or diminish a bank’s liability even for ordinary negligence (Valuable Holding Corp. v Midtown Vault Corp., 120 AD2d 356) and may prohibit the deposit of cash (Radelman v Manufacturers Hanover Trust Co., 61 Misc 2d 669).
As defendant’s stance on this motion ultimately emerges it is that plaintiff agreed not to keep cash in the safe-deposit box and that if he did, it follows from such agreement that all responsibility was to be borne by plaintiff. Based on this outlook defendant asks for a conclusion that as a matter of law judgment must be in its favor. Examination of the facts and applicable law shows, however, that defendant’s claims are not sustainable.
Consideration of the agreement vis-á-vis keeping cash in the box must commence with the card signed by plaintiff. The card quotes Banking Law § 234 (9) as stating that "A savings bank may rent to its depositors, safe deposit boxes in which to keep securities, jewelry and valuable papers only.” It must be recognized that defendant’s quotation of the Banking Law on the card presented to plaintiff is inaccurate. Thus defendant made it appear that there may be a legal prohibition to depositing cash in a safe-deposit box when in fact section 234 makes no such statement. In fact section 234 appears to explicitly permit the deposit of cash since it states that a savings bank may rent safe-deposit boxes in which to keep "personal property” and section 39 of the General Construction Law defines personal property as including money. More significantly, and keeping in mind the Banking Law’s permissive outlook on cash deposits in safe-deposit boxes, close scrutiny of the subject card does not state that cash may not be deposited nor that defendant is not responsible for such deposits. In addition, to the extent there may be ambiguity in the car4 the inexplicit language should be interpreted against the defendant as the bailee who drafted the agreement (Goldbaum v Bank Leumi Trust Co., 545 F Supp 1008, 1011).
It must also be pointed out that even if the card was interpreted in the fashion sought by defendant summary judgment would remain unwarranted. Plaintiff relying on his deposition testimony asserts that a manager of defendant knew and encouraged the cash deposit. From the papers *490 presently submitted this claim is uncontroverted. Knowledge and/or encouragement of cash deposits by plaintiff would obviate any agreement not to make such deposits or to relieve defendant of liability therefor. The following statement in Goldbaum v Bank Leumi Trust Co. (545 F Supp 1008, 1012, supra) is particularly pertinent on this subject: "Defendant’s argument that the agreement precluded storing these pieces in the safety deposit boxes is untenable for equitable reasons as well * * * [T]he bank manager knew the contents of the boxes and said nothing about the propriety of keeping the coins * * * there * * * Defendant cannot now [rely on a strict enforcement of] the agreement”.
In any event defendant has failed to establish that as a matter of law plaintiff may not seek to recover for cash left in the box. Whether any recovery is warranted depends upon the presence or absence of negligence on the part of defendant and plaintiff’s ability to prove that he in fact left cash in defendant’s box (cf., Sun Yau Ko v Lincoln Sav. Bank, 99 AD2d 943, affd 62 NY2d 938; Sichel v Central Fed. Sav. & Loan Assn., 143 Misc 2d 42). As previously indicated the papers submitted by the parties cast no light on the circumstances surrounding the alleged disappearance of plaintiff’s cash. These circumstances present issues of fact for trial and the motion for summary judgment is denied.