[599 NYS2d 24]

SANDRA SHUTAK, Appellant, v ROBERT HANDLER, as Nominee for the Shareholders of Olympic Estates, Inc., et al., Respondents.

First Department, June 15, 1993

### APPEARANCES OF COUNSEL

*Ira H. Goldfarb* of counsel, New York City *(Friedman, Levy & Goldfarb, P. C.,* attorneys), for appellant.

*Marla I. Susser* of counsel, Franklin Square *(Laykind & Summers,* attorneys), for respondents.

## OPINION OF THE COURT

KASSAL, J.

The issue is whether the IAS Court properly granted defendants' summary judgment motion, dismissing the complaint on the ground that plaintiff failed to raise a triable issue of fact as to whether her act of climbing onto a chair and attempting to burst a plaster bubble on her apartment ceiling with a broom handle, resulting in her falling and sustaining injuries, was a normal, foreseeable consequence of the situation created by defendants' negligence in failing to repair the ceiling after several complaints.

Plaintiff rented an apartment at a building located at 279 East 44th Street which was owned and managed by defendants. For a number of years, plaintiff and other tenants in the building experienced a recurring problem of water bubbles forming on their ceilings. When these bubbles "burst", which they often did, plaster would fall from the ceiling. Since about 1986, plaintiff had made approximately a dozen reports to management about the condition of her apartment ceiling. By letter dated August 9, 1988, she wrote a letter to management regarding "the continuing and dangerous situation" that existed in her apartment. In this letter, plaintiff complained about instances in which she or her guests were almost injured by plaster falling from the ceiling. She complained that each time a plasterer was sent to repair the damage, the same problem recurred within weeks.

About a week prior to her accident, plaintiff noticed a bubble forming on her dining room ceiling. According to plaintiff, the bubble formed in an area which she had to pass under in order to gain access to her bedroom. She informed a day doorman that "there's another bubble". The doorman indicated that he would make a notation in a notebook in which tenant complaints and repairs are logged. During the next week, no one came to fix the ceiling and plaintiff made no further attempts to notify management of the problem.

At approximately 5:30 A.M. on Saturday, February 10, 1990, plaintiff noticed the bubble on her dining room ceiling had enlarged and "looked like it was going to fall on the floor." To avert any potential danger from the bubble falling, plaintiff decided to take the bubble down herself by poking it with a

broom handle. In order to reach the bubble, plaintiff stood on a chair. As she climbed onto the chair, with the broom in one hand, the chair slipped from under her and she fell to the floor, injuring her ankle.

Plaintiff argued that defendants' knowledge for several years of the ongoing dangerous condition of her apartment ceiling and their negligence in not remedying the problem made it foreseeable that a tenant, such as herself, would resort to self-help. Relying on *Derdiarian v Felix Contr. Corp.* (51 NY2d 308) and *Boltax v Joy Day Camp* (67 NY2d 617), defendants moved for summary judgment on the ground that plaintiff's own reckless conduct was, as a matter of law, the sole cause of her injuries. In granting defendants' motion, the IAS Court agreed with defendants that the only conclusion to be drawn from the facts was that plaintiff's act was not a foreseeable consequence of defendants' negligence, but rather, constituted a superseding cause, and, therefore, a defense to this claim.

An intervening act will be deemed a superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant *(see, e.g., Martinez v Lazaroff,* 48 NY2d 819). When, however, the intervening act is a natural or foreseeable consequence of a circumstance created by defendant, liability will subsist *(Derdiarian v Felix Contr. Corp., supra,* at 315). While summary judgment is generally appropriate only in those cases where the intervening acts "operate upon but do not flow from the original negligence" *(supra,* at 315), even where the injury flows from defendant's negligence, the reckless conduct of a plaintiff may be, as a matter of law, extraordinary and unforeseeable so as to break the causal chain *(Boltax v Joy Day Camp, supra).*

Here, the intervening act did not merely "operate upon", but flowed from defendants' negligence. This case is distinguishable from *Ventricelli v Kinney Sys. Rent A Car* (45 NY2d 950, *mot to amend remittitur granted* 46 NY2d 770), where the Court of Appeals held that the lessor of a car with a defective trunk lid was not liable as a matter of law to the lessee, who was struck by another car as he attempted to close the defective trunk on the side of the road. The Court of Appeals found that, although the defendant's negligence served to place the injured party at the site of the accident, the negli-

gence of the second driver was divorced from and not the foreseeable risk associated with defendant's acts so as to be the cause of plaintiff's injuries.

Defendants' reliance on *Ventricelli (supra)* is misplaced since here, no unforeseeable act of a third party intervened to break the causal chain between defendants' negligence and plaintiff's injuries. The intervening act here was plaintiff's attempt to remove the bubble from the ceiling. Significantly, in *Ventricelli,* the Court of Appeals noted that Ventricelli's repeated attempts to close the trunk lid were a reasonably foreseeable consequence of defendant's negligence. Assuming Ventricelli had been injured as a result of falling down as he attempted to close the defective trunk door, it is questionable whether the Court of Appeals would have held that defendant was entitled to summary judgment. Similarly, in this case, a jury could find that plaintiff's attempt to remove the bubble from the ceiling was a reasonably foreseeable consequence of defendants' failure to repair the ceiling.

Furthermore, on this record, we cannot conclude as a matter of law that plaintiff's own reckless conduct was such an unforeseeable and superseding event as to break the causal chain as a matter of law *(Boltax v Joy Day Camp, supra).* We agree with plaintiff that a jury could find that her attempt to remove the bubble was a normal and foreseeable response to the imminent threat of harm posed by the ceiling's condition *(Lynch v Bay Ridge Obstetrical & Gynecological Assocs.,* 72 NY2d 632; Restatement [Second] of Torts §§ 445, 446). Defendants' argument that plaintiff cannot reasonably claim that she was compelled to remove the bubble herself out of fear for her safety because nobody had ever been harmed by a bubble falling, and plaintiff could have avoided the area under the bubble, presents triable issues that should be resolved by a jury. We would point out that it is indisputable that prior to plaintiff's accident, defendants were aware that plaintiff feared for her safety as a result of the harmful condition of the ceiling. In her 1988 letter, plaintiff expressed her fear and frustration over the fact that defendants failed to take any action to repair the recurrent ceiling problem. It is also noteworthy that plaintiff did tell a doorman that another bubble had formed on her ceiling about a week prior to the accident.

Furthermore, although the method plaintiff used to attempt to remove the bubble may have been negligent and a contributing cause of her accident, it cannot be concluded as a matter

of law that her conduct was so culpable as to supersede defendants' negligence as the cause of the accident. This case is clearly distinguishable from *Boltax v Joy Day Camp (supra),* where the plaintiff, an experienced swimmer, intentionally took a dive from a lifeguard's chair headfirst into water that he knew to be shallow. In our case, it is customary to use a chair to reach greater heights to effect a home repair. Furthermore, the record indicates that, before the accident, plaintiff checked to see if the chair was stable and that it would not slide. Plaintiff's use of a chair to reach the bubble to puncture it was not so extraordinary as to fall outside the class of normal behavior resulting from defendants' negligence.

Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered August 18, 1992, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion is denied and the complaint reinstated, without costs.

CARRO, J. P., MILONAS and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered August 18, 1992, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion is denied and the complaint reinstated, without costs.