■ PATRICK FABER, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants, et al., Defendant. [608 NYS2d 469]

—Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about May 7, 1993, which denied defendants-appellants' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

A trier of fact could find that when plaintiff's friend became trapped in the elevator, plaintiff's attempt to close the stuck outer door of the elevator was a normal and foreseeable response *(see, Shutak v Handler,* 190 AD2d 345, 347). Plaintiff's asserted dizziness and possible diminished capacity as a result of being struck by the elevator door was a condition that could have been a substantial factor in the chain of events that produced his subsequent injury, in which event plaintiff would be entitled to recover even if other factors contributed to the fall, and the precise manner in which the accident happened need not be shown, nor that the extent of the injuries was foreseeable *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Any inconsistencies in plaintiff's versions of the events present issues for the trier of fact *(see, Silva v 81st St. & Ave. A Corp.,* 169 AD2d 402, 404, *lv denied* 77 NY2d 810).

We have considered appellants' other contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.