(May 6, 1997)

■ HERNANDO URIBE et al., Appellants, v MERCHANTS BANK OF NEW YORK, Respondent. [657 NYS2d 613] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 6, 1996, which granted defendant's motion for partial summary judgment dismissing the individual plaintiff's claims in their entirety and dismissing the corporate plaintiff's claim with respect to currency allegedly missing from its safe deposit box, affirmed, without costs or disbursements.

The claims of the individual plaintiff were not viable since the safe deposit box was rented by the corporation and its contents concededly belonged to the corporation or a third party. That Mr. Uribe may have used corporate funds to purchase for personal use one of the items allegedly stolen, or that he and his wife were the only shareholders and officers, do not suffice to raise an issue of fact as to his complete dominion and control of the corporation so as to warrant piercing the corporate veil (*see, Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141; *P. A. Bldg. Co. v Elwyn D. Lieberman, Inc.*, 227 AD2d 277, 279), and, in any event, the corporate veil may not be pierced for the benefit of its shareholders in this type of situation (*see, Matter of Colin v Altman*, 39 AD2d 200, 202).

That portion of the claim which sought damages for the currency allegedly stolen from the safe deposit box was properly dismissed but not for the reason stated by the motion court. Since matters of credibility should not be determined on a motion for summary judgment, any inconsistencies in Mr. Uribe's testimony as to ownership of the currency would merely have presented a question for the trier of fact (*Faber v New York City Hous. Auth.*, 202 AD2d 269). In fact, there were no inconsistencies, as the assertion that the currency belonged to a third party was consistent with the corporate plaintiff's claim of a possessory interest in the money. As bailee, it was obligated to return the consigned item or remit the proceeds of the sale to the consignor (*see, People v Kaminsky*, 127 Misc 2d 497, 505) and was liable for any loss or injury of the currency not yet remitted (*see, Rogers v Atlantic, Gulf & Pac. Co.*, 213 NY 246, 258; *United States v Perea*, 986 F2d 633, 640). Thus, con-

trary to the conclusion of the motion court, the third party's title to the currency did not divest the corporate plaintiff of the right to seek recovery for the loss of such funds.

However, we find compelling the alternative argument urged by defendant before the motion court for dismissal of the claim for the stolen currency (*see, Matter of American Dental Coop. v Attorney-General of State of N. Y.*, 127 AD2d 274, 279, n 3). A provision prohibiting the deposit of currency is enforceable (*Radelman v Manufacturers Hanover Trust Co.*, 61 Misc 2d 669). Contrary to the conclusion reached by the dissent, the clear qualifying language of the safe deposit box rental agreement, which expressly limited authorized items for deposit "only" and "solely" to those listed, was unambiguous and unequivocally excluded currency as an authorized item for deposit. Concur—Sullivan, Milonas and Nardelli, JJ.

Murphy, P. J., and Rubin, J., dissent in part in a memorandum by Murphy, P. J., as follows: Plaintiffs commenced this lawsuit to recover damages attributable to the theft of cash and gems from a safe deposit box, rented by the corporate plaintiff from defendant bank and located on the lessor bank's premises. Defendant has moved for summary dismissal of the complaint, at least insofar as it seeks damages for the theft of cash, alleging that neither the individual nor the corporate plaintiff has standing to sue: in the case of the individual plaintiff, because the safe deposit box was in the name of the corporate plaintiff; and in the case of the corporate plaintiff, because the corporation was not the owner of the cash, but held the cash only as a bailee. The motion court found both of these contentions meritorious and, accordingly, granted defendant's motion, dismissing the claims of the individual plaintiff in their entirety and those claims of the corporate plaintiff predicated upon the theft of the cash it held as a bailee.

The majority has found that although the claims of the individual plaintiff were properly dismissed, those of the corporate plaintiff relative to the theft of cash ought not to have been dismissed for lack of standing. The majority has, however, deemed the order dismissing the cash claims of the corporate plaintiff affirmable upon the alternative ground that such claims are, as a matter of law, precluded by the agreement pursuant to which the subject safe deposit box was rented. In this connection, the bank's Safe Deposit Rules and Regulations provide in relevant part: "The safe is leased solely for the purpose of keeping securities, jewelry, valuable papers, and precious metals only, and the Renters agree not to use the said safe for any other purpose."

I agree with the majority that the claims of the individual plaintiff were properly dismissed. I also agree that the cash claims of the corporate plaintiff were not subject to dismissal for lack of standing. I do not agree, however, that, with respect to the cash claims of the corporate plaintiff, the aforecited provision affords an alternative ground upon which their dismissal might be affirmed.

To begin, I respectfully disagree with the majority's implicit conclusion that the above-quoted provision would suffice to place the average depositor on notice that cash was not to be kept in the subject safe deposit box. I think it artificial in the extreme to suppose that the average safe deposit box lessee— even one who had actually read the bank's typographically minute Safe Deposit Rules and Regulations—would understand from the cited provision that the deposit of cash was forbidden. Indeed, a layperson, invariably unrepresented in a routine banking transaction such as the renting of a safe deposit box and not ordinarily sufficiently versed in legal terminology to appreciate what defendant characterizes as the crucial distinction between valuable paper and valuable papers, might very well conclude from defendant's rule that, contrary to defendant's account of the rule's meaning, currency, undoubtedly a type of valuable paper, was expressly permitted to be kept in his or her safe deposit box along with and, indeed, as one or more of his or her valuable papers. It would seem that it was defendant's obligation, if it wished to rely upon the alleged prohibition, to avert such a natural, if unschooled and perhaps technically incorrect, interpretation of its rule, by stating simply that its safe deposit boxes were not to be used for the keeping of currency. The failure to do this, particularly where, as here, the limitation the bank would impose cannot be viewed except as conflicting with the reasonable expectations of the average depositor respecting the permissible uses of safe deposit boxes, ought to preclude the bank's reliance upon the claimed prohibition. Having, as drafter of the subject rule, allowed an ambiguity which might have been easily avoided, the bank is not in a position to insist that the ambiguity be construed in its favor (*Barclift v American Sav. Bank*, 152 Misc 2d 487).

Yet, even if the prohibition against the deposit of cash were more clearly expressed, judgment in the bank's favor dismissing plaintiff's cash claims would still be unwarranted. Assuming that there was some violation of the cited rule, it simply does not follow, as a matter of law, that the bank is exculpated from all liability in tort for the loss of the cash stolen from the

safe deposit box leased by the bank to the corporate plaintiff. If the bank sought to limit its liability for negligence, it was incumbent upon it to express the limitation and to do so unequivocally (*Lago v Krollage*, 78 NY2d 95, 99-100). However, as the motion court noted, and as is in any case clear, the provision upon which the bank presently relies expresses no limitation of liability whatsoever.

While it is true that the plaintiff in opposing summary judgment has not argued the absence of language of express exculpation, it was not its burden to do so. Indeed, the quality of the opposition to a motion for summary judgment only becomes relevant once the proponent of the motion, herein the bank, has made a prima facie showing of entitlement to judgment as a matter of law (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Accordingly, the "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*supra,* at 324; *accord, Ayotte v Gervasio*, 81 NY2d 1062, 1063). As noted, a prima facie showing by the bank of entitlement to judgment as a matter of law based upon the provisions of the parties' agreement would of necessity have been premised upon contractual language of clear exculpation. The present motion not having been predicated upon such language, it would seem elementary that no prima facie case has been made out and, thus, that an award of summary judgment would be erroneous as a matter of law.

Accordingly, the order of the Supreme Court, New York County (Leland DeGrasse, J.), entered March 6, 1996, which granted defendant's motion for partial summary judgment dismissing the individual plaintiff's claims in their entirety and the corporate plaintiff's claim with respect to money missing from a safe deposit box, should be modified to the extent of denying the motion to dismiss the currency-related claim of the corporate plaintiff, and except as so modified, affirmed.