■ NORMAN J. LIBERMAN, Respondent-Appellant, v WAYNE WORDEN et al., Defendants, MERRILL LYNCH PIERCE FENNER & SMITH, INC., et al., Respondents, and ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant-Respondent. [701 NYS2d 419] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 25, 1998, which, inter alia,

granted the motion of defendant Greater New York Savings Bank (GNYSB) to dismiss the complaint only to the extent of dismissing the 24th cause of action as against it, and granted the motion of defendant Chase Manhattan Bank, formerly known as Chemical Bank (Chase), and the motion of Merrill Lynch Pierce Fenner & Smith, Inc., also known as Merrill Lynch (Merrill Lynch) and Michael A. Petruzillo, Jr. (Petruzillo) (collectively, the Merrill defendants), to dismiss the complaint as against them, and order, same court and Justice, entered June 17, 1999, which, to the extent appealable, granted Chase's motion to dismiss GNYSB's cross claims against it, and denied GNYSB's motion to renew its motion to dismiss the complaint as against it, unanimously modified, on the law, to grant the motion of GNYSB to the further extent of dismissing those branches of plaintiff's 20th and 22nd causes arising out of the January 17, 1991 transactions as time-barred, and dismissing the 23rd cause of action for failing to state a cognizable claim, and otherwise affirmed, without costs.

The first and second causes of action against Chase were properly dismissed (*see, Moore v Richmond Hill Sav. Bank*, 117 AD2d 27, 32). The third cause of action is time-barred under 15 USC § 1693m (g) and the fourth cause of action is time-barred under UCC 4-406 (4). The fifth cause of action, which plaintiff treats as one for commercial bad faith, was properly dismissed because the allegations that the Chase employee committed notarial misconduct do not rise to the level of bad faith (*see, Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 274).

The 6th, 7th, 11th, 12th and 24th causes of action for aiding and abetting defendant Worden's misconduct were properly dismissed in the absence of any allegation that defendants had actual or constructive knowledge of the misconduct and substantially assisted therein (*see, DePinto v Ashley Scott, Inc.*, 222 AD2d 288, 290; *H2O Swimwear v Lomas*, 164 AD2d 804, 807). For these same reasons, the 23rd cause of action should have been dismissed as well.

Those branches of the eighth cause of action for conversion arising out of the March 14, 1991 and August 27, 1991 pre-death transactions do not receive the benefit of the toll contained in CPLR 210 (c) and are time-barred. The allegations in the amended complaint are insufficient to state a cause of action for a breach of bailment to revive these claims (*see, Coons v First Natl. Bank*, 218 App Div 283, 284). As to the December 15 post-death transaction, the facts alleged are not sufficient to state a conversion claim (*see, Hartford Acc. & Indem. Co. v Walston & Co.*, 21 NY2d 219, 221).

The 9th cause of action was properly dismissed since defendant Worden's subsequent misappropriation of the properly deposited funds, and not the conduct of the Merrill defendants, was the proximate cause of decedent's loss (*see*, *Geotel, Inc. v Wallace*, 162 AD2d 166, 168, *lv denied* 76 NY2d 917).

The court properly dismissed the 10th cause of action for breach of fiduciary duty because the brokerage account upon which the fiduciary relation was allegedly predicated was a standard, nondiscretionary account (*see*, *Perl v Smith Barney*, 230 AD2d 664, 666, *lv denied* 89 NY2d 803).

Those branches of the 20th and 22nd causes of action arising out of the January 17, 1991 transaction, for breach of contract and the implied obligation of good faith, are time-barred under the applicable six-year Statute of Limitations, and, as such, should have been dismissed. That branch arising out of the August 7, 1991 transaction, however, is not time-barred, and the allegations pertinent thereto sufficiently state a cause of action (*see*, *American Lodge Assn. v East N. Y. Sav. Bank*, 100 AD2d 281, 285-286).

GNYSB's cross claims were properly dismissed since it cannot plead that Chase is jointly liable and cannot invoke the defense of UCC 4-207, thus depriving it of a basis for its indemnification claim.

We have reviewed the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.