**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3521-16T1

EVELYN DELGADO,

    Plaintiff-Appellant,

v.

SHYAM K. NORUTHUN,

    Defendant-Respondent.

_____

Submitted May 14, 2018 — Decided August 21, 2018

Before Judges Ostrer and Whipple.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Docket No.
L-0671-14.

Spevack Law Offices, attorneys for appellant
(Howard H. Sims, on the brief).

Hoagland, Longo, Moran, Dunst & Doukas, LLP,
attorneys for respondent (Jeffrey J. Czuba,
of counsel and on the brief).

PER CURIAM

    Plaintiff appeals from the summary judgment dismissal of her
negligence complaint against her landlord. She sustained injuries
while trying to change the lightbulb of the ceiling fixture in the
entrance hallway leading to her apartment. We reverse.

We discern the following facts from the record, extending to plaintiff all favorable inferences. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). At the time of the accident, plaintiff rented the second-floor apartment of defendant's two family non-owner-occupied house in Perth Amboy. Plaintiff accessed the stairs to her apartment through a common entry hallway. The light fixture, which was placed slightly to the left of the staircase as one faced it, illuminated the hallway and stairway.

At her deposition, plaintiff asserted that defendant did not communicate with her, and funneled all communication through his brother Pravin. Plaintiff asserted that a leak in her bathroom caused an electrical short in the hallway light. The problem with the light coincided with the leak, which persisted for about a week. Pravin fixed the leak, but not the light. At one point, the downstairs tenant replaced the lightbulb, but that did not solve the problem.

In her interrogatory answers, plaintiff alleged that she asked Pravin to fix the light, and he told her that he was not responsible for that, and she must do it herself. In depositions, she said that "Pravin wouldn't do it." Plaintiff was hazy about how she told Pravin about the light, stating she "probably" sent a text. She also could not recall when she asked him to fix it.

A-3521-16T1

After Pravin failed to fix the light, plaintiff took matters into her own hands. She stood several steps up the staircase, leaned over the bannister, and attempted to unscrew the center nut that held the globe in place. She felt a pain in her back (which was caused by a prior slip-and-fall), lost her balance and fell to the floor, injuring her leg.

In granting summary judgment, the trial judge reasoned that even if the darkened hallway were a dangerous condition, defendant did not proximately cause plaintiff's injuries. Rather, she fell because she voluntarily tried to change the lightbulb and lost her balance, for reasons unrelated to any darkened condition in the hall. This appeal followed.

On appeal from an order granting summary judgment, we exercise de novo review, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). We determine whether there exists a genuine issue of material fact, and if not, whether the motion judge correctly applied the law. Ibid.

"To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (citations omitted). "A landlord of a multiple-family dwelling has the duty to maintain

all parts of the structure and equipment in good repair . . . ." Dwyer v. Skyline Apartments, Inc., 123 N.J. Super. 48, 51 (App. Div. 1973). "[T]he landlord has the duty to maintain and repair those facilities in or out of the tenant's premises which are an integral part of the equipment under his control, such as water pipes, heating pipes and radiators, plumbing fixtures, electrical equipment and the like." Id. at 52; see also Michaels v. Brookchester, Inc., 26 N.J. 379, 382 (1958). As the entry hall ceiling light was in a common area under the landlord's control, he had the duty to maintain and repair it.

However, to establish negligence, a tenant must prove not only a failure to repair a dangerous condition, but "that the condition was known or should have been known by the landlord prior to the occurrence, so that he had an opportunity to correct it." Dwyer, 123 N.J. Super. at 52.

Plaintiff testified that she informed Pravin the light was out, and Pravin told her to fix it herself. We recognize there are weaknesses in plaintiff's proofs. She cannot recall when she told Pravin about the light. She said she probably told him by text, but did not produce it (unlike a complaint about another problem at the premises, which she sent by an email she produced). However, taking her allegations as true, as we must at this stage, plaintiff has established that defendant was on notice of a

dangerous condition — an unlit hallway and staircase — and waived an opportunity to correct it. Consequently, she has established a breach of a duty.

We next consider the issue of proximate cause. As we recently explained, a jury should decide the issue except when a court determines that no reasonable jury could find that a defendant's breach of duty proximately caused a plaintiff's injuries. Broach-Butts v. Therapeutic Alternatives, Inc., ___ N.J. Super. ___, ___ (App. Div. 2018) (slip op. at 17). Proximate cause is a "'natural and continuous sequence, unbroken by an efficient intervening cause, [that] produces the result complained of,'" but "[i]ntervening causes that are reasonably foreseeable or are normal incidents of a risk . . . do not relieve a tortfeasor of liability." Cruz-Mendez v Isu/Insurance Servs., 156 N.J. 556, 575 (1999) (quoting Daniel v. Dep't of Transp., 239 N.J. Super. 563, 595 (App. Div. 1978)). Plaintiff need show that defendant's breach was a substantial factor, contributing to her injury. Broach-Butts, ___ N.J. Super. at ___ (slip op. at 17). Proof of foreseeability is relevant, but not essential. Id. at ___ (slip op. at 18).

Applying these principles, plaintiff is entitled to present the issue of proximate cause to a jury. We reject the trial court's conclusion that plaintiff's voluntary decision to fix the

light broke the causal chain as a matter of law. A jury could find it was reasonably foreseeable that plaintiff would try to fix the light herself, once defendant refused to do it and told her it was her responsibility. Furthermore, a jury should assess, as a matter of comparative negligence, plaintiff's decision to reach over the bannister, rather than use a sturdy ladder, to reach the problem light.

The New York appellate court in Shutak v. Handler, 599 N.Y.S.2d 24 (App. Div. 1993) reached the same conclusion in a similar case. In Shutak, a tenant fell off a chair trying to repair a bubble in the ceiling that the landlord ignored. Id. at 25. The court rejected the argument that the tenant's effort was an intervening act that relieved the landlord of liability. Id. at 26. The court reasoned that the "plaintiff's attempt . . . was a reasonably foreseeable consequence of [the] defendants' failure to repair the ceiling." Id. at 26. The court also held that any negligence by the plaintiff, in the way she tried to fix the ceiling did not supersede defendants' negligence. Id. at 27.

Reversed and remanded for trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3521-16T1